# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN C. HESTER, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 07-CV-1785 (RCL) |
| | ) |
| CHARLES DICKERSON, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS

Defendant Charles Dickerson,[1] (hereinafter, "Defendant"), by and through undersigned counsel and pursuant to Fed. Rs. Civ. P. 4 and 12(b)(5) and (6), hereby moves this Court to dismiss the plaintiff's complaint.

A Memorandum of Points and Authorities in support of this Motion is attached hereto.  Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

___/s/ Phillip A. Lattimore, III_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

---

[1] Mr. Dickerson is an employee of the District of Columbia.

_/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
Email: Kerslyn.Featherstone@dc.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _December 17___, 2007, a copy of the foregoing Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Warren C. Hester, II
43604, M.O.C.C.
One Mountainside Way
Mount Olive, W.Va., 25185
*Plaintiff*

_/s/_ Kerslyn D. Featherstone__
Kerslyn D. Featherstone
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

————————————————————————
                                     )
WARREN C. HESTER,                    )
                                     )
                  Plaintiff,         )
         v.                          )     **Civil Action No. 07-CV-1785 (RCL)**
                                     )
CHARLES DICKERSON,                   )
                                     )
                  Defendant.         )
————————————————————————)


**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS**

Defendant submits this memorandum of points and authorities in support of its motion.

This Court should dismiss all claims against Charles Dickerson because plaintiff failed to: (1) properly serve Mr. Dickerson pursuant to Fed. R. Civ. P. 4(e)(2), (j) and (1), and (2) state a claim upon which relief can be granted as all claims against the defendant are barred under the doctrine of absolute judicial immunity.

*Statement of Facts*

This case arises out of a criminal action in the state of West Virginia, where Plaintiff was a defendant charged with criminal offenses.[2]   Plaintiff's *pro se* complaint alleges that Charles Dickerson, as Branch Chief of the Juvenile and Neglect Branch, released the plaintiff's District of Columbia juvenile criminal records, in violation of his constitutional rights under the Civil Rights Act, 42 U.S.C. § 1983, to a West Virginia State Official, Kristen Kelly, on December 2, 2005, in connection with his then pending

---

[2] Plaintiff's criminal case *State v. Hester*, Case No. 05-F-189-H, is filed in the U.S. District Court for the Southern District of West Virginia.

criminal matter in West Virginia.  Kristen Kelly is a Raleigh County Prosecutor in the State of West Virginia.

Plaintiff further avers that Charles Dickerson knew that prior to providing his District of Columbia juvenile records that the records would be open to the public for view and exposure.  Plaintiff attempted to serve, via certified mail, a copy of the summons and complaint on Charles Dickerson to Mr. Dickerson's place of business at D.C. Superior Court, 500 Indiana Avenue, N.W., John Marshall Level, East Wing, JM 520, Washington, DC  20001.  However, Mr. Dickerson received through the regular course of business, the summons and complaint on November 28, 2007.

On December 6, 2007, court records show that plaintiff mailed a letter to the court, attached with a copy of the certified return receipt green card, purporting that Mr. Dickerson had been served.  The receipt failed to indicate that Charles Dickerson signed for the summons and complaint.  This motion is timely filed.

### Standard of Review

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). *See also*

*Western Assoc. L.P. v. Market Square Assoc.*, 235 F.3d 629, 633 (D.C. Cir. 2001) ("The court assumes that the factual allegations in the complaint are true, but it is not bound by the complaint's legal conclusions.").

"[A] *pro se* complaint, like any other, must present a claim upon which relief can be granted by the court." *Williams v. Moore*, 899 F.Supp. 711, 712 (D.D.C. 1995) (quoting *Henthorn v. Department of the Navy*, 29 F.3d 682, 684 (D.C. Cir. 1994)).

The Supreme Court, in a case decided just last month, has clarified the standard by which a complaint challenged by a Rule 12(b)(6) motion must be judged. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955 (May 21, 2007), the Court held that, while a complaint so attacked "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Slip op.* at 8 (citing, *inter alia*, *Papasan*).

The Court specifically disavowed *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), which innumerable courts have cited over the decades for the proposition that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*'s "no set of facts language has been questioned, criticized, and explained away long enough. [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard . . . . *Conley*, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival."
*Bell Atlantic*, *supra*, at 16–17.

More specifically, the Court noted that, for a complaint to survive a Rule 12(b)(6) motion to dismiss, there must be a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." *Id*. at n.8 (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

Here, the Complaint fails to meet even this minimal standard. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic*, *supra* at 8.


### *Argument*

## I.     THE PLAINTIFF FAILED TO PROPERLY SERVE THE DEFENDANT IN HIS INDIVIDUAL CAPACITY

Fed. R. Civ. P. 4(e) authorizes two methods of service on individuals. The first is according to the law of the state and the second is through personal service. Again, the plaintiff chose to rely on service through certified mail, as authorized in Super. Ct. Civ. R. Civil 4.

Plaintiff mailed a copy of the complaint to Mr. Dickerson through certified mail to the District of Columbia Superior Court, Mr. Dickerson's place of employment. The letter was received in the mail room by a mail room clerk, and forwarded to Mr. Dickerson's office, the Juvenile and Neglect Clerk's office, through the normal course of business at Superior Court. *See* Exhibit 1. Although Mr. Dickerson received a copy of the complaint, he was not properly served pursuant to Fed. Civ. R. P. 4(e). Specifically, Rule 4(e)(2) provides that :

> by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age

and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment by law to receive service of process. (emphasis added)

Here, plaintiff failed to comply with this rule because the address that the complaint and summons were sent is not Mr. Dickerson's dwelling house or place of abode. Based on the unsworn "affidavit" of plaintiff, it the return receipt green card was returned and not signed by Mr. Charles Dickerson. *See* Exhibit 1. Therefore, the Court cannot conclude that the plaintiff properly served Mr. Dickerson. Therefore, the complaint against Mr. Dickerson should be dismissed for improper service.

## II.    A SUIT AGAINST CHARLES DICKERSON IN HIS OFFICAL CAPACITY IS IN EFFECT A SUIT AGAINST THE DISTIRCT OF COLUMBIA.

It is evident that the plaintiff intended to sue Charles Dickerson in his official and individual capacities, as he captioned it as such in the complaint. *See* Complaint at 1. A suit against Charles Dickerson, as Branch Chief of the Juvenile and Neglect Branch, of the Superior Court of the District of Columbia, in his official capacity is equivalent to a suit against the District itself. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) (internal citations omitted) ("When sued in their official capacities, government officials are not personally liable for damages … A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."). Therefore, assuming that the plaintiff is suing Mr. Dickerson in his official capacity, he is in essence suing the District. Consequently, the court should dismiss any "official capacity" claims against Mr. Dickerson with prejudice.

## III.    CHARLES DICKERSON AS AN INDIVIDUAL DEFENDANT CANNOT BE HELD LIABLE BECAUSE HE IS ENTITLED TO ABSOLUTE JUDICIAL IMMUNITY. `

The complaint primarily alleges that Mr. Dickerson, as Branch Chief of the Juvenile and Neglect Branch, of the Superior Court of the District of Columbia, released the contents of plaintiff's juvenile criminal records to state officials in the State of West Virginia. All of these claims must be dismissed, because they are barred by the well-settled doctrine of judicial immunity.

In 1993, the D.C. Circuit Court of Appeals held that "[a]lthough this circuit has never addressed the question, we now adopt the holding of numerous other circuits that clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process."  *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993) (citing *Mullis v. U.S. Bankruptcy Court, Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987); *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)).  The D.C. Circuit noted that this immunity extended to functions that are ministerial rather than discretionary:

> Although some courts have held that clerks are not entitled to absolute immunity for performance of nondiscretionary, "ministerial" functions, *see Lowe v. Letsinger*, 772 F.2d 308, 313 (7th Cir. 1985), or for actions that are not required by court order or judge's direction, *Williams v. Wood*, 612 F.2d 982, 985 (5th Cir. 1980), we agree with the Sixth Circuit that "whether an act is judicial in character does not depend on whether it is discretionary." *Foster*, 864 F.2d at 417. Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done "in the clear absence of all jurisdiction." *Mullis*, 828 F.2d at 1390; see *Dellenbach*, 889 F.2d at 763.  This formulation, paralleling the Supreme Court's definition of the scope of judges' absolute immunity, enables the immunity to operate where the need for liability in damages is low and the need for a backstop to judicial immunity high.

*Sindram*, 986 F.2d at 1461.  The court further explained that, "if immunity were not extended to clerks, courts would face the 'danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly [would] vent their wrath on

clerks, court reporters, and other judicial adjuncts.'"  *Id.* (quoting *Dellenbach v. Letsinger*, 889 F.2d 755, 763 (7th Cir. 1989)).

In *Sobamowo v. Bonner*, a plaintiff alleged that two appellate court clerks negligently failed to accept his payment for appeal, and held his appeal in abeyance, without judicial direction or authorization.  1993 U.S. App. LEXIS 19347, 9-10 (D.C. Cir. 1993). The D.C. Circuit affirmed the dismissal of the negligence claim against the clerks, writing that "the assertions of the two clerks' negligence … alleges facts that are insufficient to overcome the clerks' broad absolute immunity 'from damage suits for performance of tasks that are an integral part of the judicial process.'"  *Id.* (quoting *Sindram*, 986 F.2d at 1460). The court further noted that, even though the alleged conduct was ministerial, "absolute immunity would still exist under *Sindram* because the acts of accepting filings and signing orders 'for the court' are 'indisputably "integral parts of the judicial process" within [the clerks'] jurisdiction.'"  *Id.* (quoting *Sindram*, 986 F.2d at 1461).

Since the *Sindram* ruling, judicial immunity for court clerks has been widely applied by the D.C. Circuit Court of Appeals as well as the D.C. Court of Appeals.  *See*, *e.g.*, *Spruel v. Suter*, 106 Fed. Appx. 72 (D.C. Cir. 2004) (Supreme Court clerks enjoy absolute immunity concerning "all acts ... that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction'"); *Farris v. Suter*, 98 Fed. Appx. 10 (D.C. Cir. 2004) ("immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction'"); *Gent v. Suter*, 1996 U.S. App. LEXIS 10771 (D.C. Cir. 1996) ("court clerks are absolutely immune from suits for damages based on actions taken in the course of carrying out their official duties"); *Blair v. Department of Justice*, 1993 U.S. App.

LEXIS 33828, 1-2 (D.C. Cir. 1993) (affirming dismissal because "the acts of the court employees about which appellant is complaining are indisputably "integral parts of the judicial process" and are within their jurisdiction"); *McAllister v. District of Columbia*, 653 A.2d 849, 850-851 (D.C. 1995) ("we hold that because of the [judicial immunity] doctrine's underlying purpose, court clerks, like judges, should be immune from damage suits for performing tasks that are integrally related to the judicial process.").

In order for judicial immunity to be granted, the activity must be integrally related to the judicial process and they must exercise discretion comparable to that exercised by a judge or their primary function must be to assist a judge or a court in the administration of justice. *District of Columbia. v. Pizzulli*, 917 A.2d 620, 626 (D.C. 2007); *Cunningham v. District of Columbia*, 584 A.2d 573, 576-7 (D.C. 1990). "Therefore, as long as the challenged action is within the scope of judicial duty, the subordinate official is entitled to judicial immunity however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff (*internal quotations omitted*)." *Id*.

In the instant case, the plaintiff alleges that Charles Dickerson, a Superior Court Branch Chief, released his juvenile criminal record to Kristen Keller, a West Virginia State Official. Plaintiff further alleges that by doing so was a violation of his Civil Rights. The complaint further alleges that Charles Hester knew that Kristern Keller was going to make his juvenile records known to the public.

This Court must dismiss plaintiff's claims against Mr. Dickerson because he has failed to state a claim against him. D.C. Code § 16-2331 is the general confidentiality statute that applies to all juvenile case records regarding a youth under the jurisdiction of

the Family Court of the Superior Court of the District of Columbia. Specifically, D.C.

Code § 16-2331 (b) states that:

> [j]uvenile case records shall be kept confidential and shall not be open to the inspection; but, subject to the limitations of subsection (c) of this section, the inspection of those records shall be permitted to…
>
> (6) the United States Attorney for the District of Columbia, his assistants, and any other prosecuting attorneys, or defense attorneys, when necessary for the discharge of their official duties.

It is clear that Charles Dickerson would not have violated any law of the District of

Columbia or any rights of plaintiff by releasing plaintiff's juvenile case records to a

prosecuting attorney. In fact, plaintiff's only cause of action would be whether or not the

prosecuting attorney's office in the State of West Virginia disclosed his records in violation

of the laws of the State of West Virginia. This is not an issue for this court. Here, plaintiff's

claims have no merit as to any actions taken by Charles Dickerson, individually or in his

official capacity, and therefore they must fail.

**WHEREFORE**, for the foregoing reasons, the Charles Dickerson hereby moves

this Court to dismiss all claims, with prejudice.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/ Phillip A. Lattimore, III_____
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

_/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
Email: Kerslyn.Featherstone@dc.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on _December 17___, 2007, a copy of the foregoing Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Warren C. Hester, II
43604, M.O.C.C.
One Mountainside Way
Mount Olive, W.Va., 25185
*Plaintiff*

_/s/_ Kerslyn D. Featherstone___
Kerslyn D. Featherstone
Assistant Attorney General

12

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )
WARREN C. HESTER,                   )
                                    )
                   Plaintiff,       )
         v.                         )     **Civil Action No. 07-CV-1785 (RCL)**
                                    )
CHARLES DICKERSON,                  )
                                    )
                   Defendant.       )
_____)

## ORDER

Upon consideration of the Charles Dickerson's Motion to Dismiss, any opposition

filed by plaintiff, and the entire record herein, it is hereby

**ORDERED:**   that Charles Dickerson's Motion is **GRANTED**; and it is

**FURTHER ORDERED:**      that all claims against Charles Dickerson are

**DISMISSED**, with prejudice.


**SO ORDERED**.

                                        _____
                                        The Honorable Royce C. Lambert
                                        Judge, U.S. District Court for the
                                        District of Columbia

Copies to:
Kerslyn D. Featherstone
Assistant Attorney General
441 4th Street, N.W., Suite 600-S
Washington, DC  20001

Warren C. Hester, II
43604, M.O.C.C.
One Mountainside Way
Mount Olive, W.Va., 25185

Warren C. Hester II 43604

M.O.C.C.

One Mountainside Way

Mount Olive, W.Va. 25185

December 4, 2007

Nancy Mayer Whittington

United States District Court

District Of Columbia

Clerk Of Court, Room 1225

333 Constitution Avenue, N.W.

Washington, D.C. 20001

**RECEIVED**

In Re: Case No: 1:07-cv-01785 - *RCL*

DEC **6** - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Dear Mrs. Whittington,

 I sent the Defendant Charles Dickerson, his Official and Individual summons, pursuant to Civil Action No: 1:07-cv-01785. I sent the said summons Certified Signature Return/Restricted Delivery. Nonetheless, the United States Postal Service didn't comply to their written agreement, of restricting the delivery to one person (i.e. Charles Dickerson). The Summons were delivered to the address Charles Dickerson is listed, but a person within the address of Charles Dickerson signed for the summons. I have enclosed inside this envelope a copy of the United States Post

Office Domestic Return Receipt (PS Form 3811) and a payment receipt, proving the Plaintiff has issued the summons to the address of Charles Dickerson on November 28, 2007. Hopefully this will satisfy the United States District Court For The District Of Columbia conformation of summons delivery, if not, please notify me and I will try to make other arrangements.

Respectfully Yours,

*Warren C. Hester*

Warren C. Hester II

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Kurt Sxt_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
11/28/07

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

CHARLES DICKERSON
BRANCH CHIEF JUVENILE NEGLECT
MOULTRIE COURTHOUSE
JOHN MARSHALL LEVEL E WING
JM 520
500 INDIANA AVE NW
WASHINGTON

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
(Transfer from service labe)   7005 1820 0000 2697 1428

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

UNITED STATES POSTAL SERVICE
SOUTHERN MD 20

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

WARREN C HESTER 43604
02

MT. OLIVE CORRECTIONAL COMPLEX
1 MOUNTAINSIDE WAY
MT. OLIVE, WV 25185

---



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at

| | |
|---|---|
| | OFFICIAL USE |
| Postage | $ 1.48 |
| Certified Fee | 2.65 |
| Return Receipt Fee (Endorsement Required) | 2.15 |
| Restricted Delivery Fee (Endorsement Required) | 4.10 |
| Total Postage & Fees | $ 10.38 |

Postmark Here   NOV 2007

7005 1820 0000 2697 1428

Sent To CHARLES DICKERSON BRANCH
JUVENILE NEGLECT MOULTRIE COURTHOUSE
Street, Apt. No. JOHN MARSHALL LEVEL E WING JM 520
or PO Box No. 500 INDIANA AVE NW
City, State, ZIP+4
WASHINGTON DC 20001

PS Form 3800, June 2002     See Reverse for Instructions

