<u>THE</u> <u>UNITED</u> <u>STATES</u> <u>DISTRICT</u> <u>COURT</u>

<u>FOR</u> <u>THE</u> <u>DISTRICT</u> <u>OF</u> <u>COLUMBIA</u>

<u>THE HONORABLE UNITED STATES JUDGE</u>

<u>ROYCE C. LAMBERTH</u>

WARREN C. HESTER II,

    PLAINTIFF,

V.                                              CASE NO. 1:07-cv-01785

CHARLES DICKERSON,

    DEFENDANT.

**RECEIVED**

JAN 2 4 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

WARREN C. HESTER II,

    PLAINTIFF,


V.                                               CASE NO. 1:07-cv-01785


CHARLES DICKERSON,

    DEFENDANT.


MOTION TO FOREGO DEFENDANT

CHARLES DICKERSON'S MOTION TO DISMISS

    Comes now, Warren C. Hester II, Plaintiff hereinafter, pursuant to the Defendant's solicitation for dismissal, and submit to this Honorable Court a **MOTION TO FOREGO DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS**, and respectfully moves this Court to deny the Defendant's **MOTION TO DISMISS**.

    The Defendant's **MOTION TO DISMISS** is based on two claims that are **not** applicable to the issue/claim at hand, i.e. 1:07-cv-01785. The (1) insignificant and (2) noncompliant claim of the Defendant's are (1) the Plaintiff failed to serve Mr. Dickerson pursuant to **Fed. R. Civ. 4(e)(2), (j) and (1)**, and (2) failed to state a claim upon which relief can be granted as all claims against the

1

Defendant are barred under the doctrine of absolute judicial immunity. The first reason for the Defendant's request for dismissal is deceptive and the second reason for dismissal is not relevant to the Defendant herein, because he is **not** a judicial officer (i.e. the Defendant is not a clerk of court, but a branch chief of a District Of Columbia Section Of City Government). The Plaintiff herein has claimed two matters that violates his United States Constitutional Rights, that was caused by the Defendant. (1) The Defendant is a accessary to the illegal opening of the Plaintiff's District Of Columbia Juvenile Court Record, and (2) the Defendant has illegally released the Plaintiff's said record to a West Virginia Official, without the permission of the District of Columbia Family Court Judge.

(1) The Defendant's **MOTION TO DISMISS, Standard of Review** page 6, claim's the Plaintiff fails to meet even the minimal standard for a **42 USC § 1983** claim. This is a hasty and giddy accusation. The Plaintiff has sufficiently stated how the violations of the Defendant occurred, how and that relief can be granted, and has statutory declarative law, declaratory decrees, and documented proof, that can prove the Defendant violated the Plaintiff's United States Constitutional Rights. The Plaintiff's District Of Columbia Juvenile Court Record is illegally open to the public, to this day, which means the Plaintiff's protected United States Constitutional Rights are continuously being violated to this day. One of many constitutional violations the Defendant has bestowed upon the Plaintiff, is the desecration of the 14th Amendment-Right To Informational Privacy.

2

Pertaining to a 42 USC § 1983, Federal procedure 42 USC § 11.266, pro se complaints and liberal construction elaborates that pro se complaints are to be liberally construed. The Court has a obligation in Civil Rights Cases, where the Plaintiff is pro se, to afford the Plaintiff the benefit of any doubt. Pro se complaints are held to less rigorous standards than formal pleadings drafted by lawyers, **see 2nd Circuit Savage v. Snow, 575 F. Supp. 828 (1983 SDNY); 5th Circuit Johnson v. Pfeiffer, 821 F. 2d 1120 (1987 CA5 Tex); 8th Circuit Miller v. Solem, 728 F. 2d 1020 (1984 CA8 SD); and 9th Circuit King v. Atiyeh, 814 F. 2d 565 (1987 CA9 Or).**

In the case of **Haddock v. Board of Dental Examiners, 777 F. 2d 462, 39 BNA FEP Cas 764, 38 CCH EPD ¶ 35777 (1985 CA9 Cal)**, the United States District Court asserted: "Even though it made no reference to 42 USCS § 1983 and mentioned the 14th Amendment only briefly, but relied on title VII of the Civil Rights Act (42 USCS §§ 2000e et seq.), the pro se complaint of a applicant for a licence to practice dentistry, which essentially alleged that the State Board Of Dental Examiners denied him a dental license because of his race, stated a claim of relief, and it was error to dismiss the action without affording the Plaintiff an opportunity to pursue his claim under § 1983 and the equal protection clause of the 14th Amendment"

The Defendant's **MOTION TO DISMISS** should <u>not</u> be granted, since the Defendant can not prove beyond any doubt, that the Plaintiff can prove no set fact in support of his claim that would entitle him to relief. The Plaintiff's § 1983 complaint contains specific facts to support his claim and its conclusions, even "<u>if</u>"

3

the Court considers the claim couched in general terms, the Plaintiff's complaint alleges facts sufficient enough to state a cause of action under § 1983, see **Moore v. Clarke, 821 F. 2d 518 (1987 CA8 Neb).**

In assessing a motion to dismiss for failure to state a claim under **Federal Rule Of Civil Procedure 12(b)(6)**, the Court must accept the factual allegations contained in the complaint as true, see **Advanced Health Care Services Inc. v. Radford Community Hospital, 910 F. 2139, 143 (4th Cir. 1990).**

**Federal Rule Of Civil Procedure 8**, simplified pleading standards, applies to all Civil Actions, with limited exceptions, none of which applies to § 1983. Pursuant to **Federal Rule Of Civil Procedure 8(a)**, a complaint must contain a short and plain statement of claim, showing that the pleader is entitled to relief. The statement must simply show the Defendant a fair notice of what the Plaintiff's claim is and the ground upon which it rest, see **Swierkiewicz v. Sorema, N.A. 534 U.S. 506, 512, 122 S. Ct 992, 152 L.Ed. 2d 1 (2002).**

Under **Federal Rule Of Civil Procedure 12(b)(6)**, a court my dismiss a complaint only if it is clear that no relief can be granted under any set of fact, that could be proven consistent with the allegations, see **Johnson v. Mueller, 415 F. 2d 354, 335 (4th Cir 1969); and Rogers v. Jefferson P. Lot Life Insurance Co., 883 F. 2d 324, 325 (4th Cir. 1989).** The standard required to overcome a **MOTION TO DISMISS** under 12(b)(6) IS A LIBERAL ONE, NECESSITATING A LIGHT BURDEN OF PROOF, see **Lodge Distrib. Co. v. Texaco Inc., 245 S.E. 2d 157 (1978).** The Plaintiff's complaint has met the minimal

standards; therefore, the Defendant's **MOTION TO DISMISS** should be denied.

(2) In the Defendant's **MOTION TO DISMISS, Argument** page 6, the Defendant claims the Plaintiff failed to properly serve the Defendant in his individual capacity under **Federal Rule Of Civil Procedure 4(e)**.

**Federal Rule Of Civil Procedure 4(e)(2)** contradicts and refutes the Defendant's said argument. Under **Fed. R. Civ . P. 4(e)(2)** it specifically affirms:"leaving copies thereof at the individuals dwelling house or **usual place of abode with some person of suitable age and discretion then residing therein**", is a sufficient method to deliver a summons from the United States District Court. The Plaintiff completely abided with **Fed. R. Civ. P. 4(e)**. The Plaintiff had Charles Dickerson's Official and Individual Summons delivered to **some person of suitable age and discretion then residing therein** of the Defendant's usual place of abode (i.e. the Defendant's place of work), as stated in the foregoing **Fed. R. Civ. P. 4(e)(2)**. The Defendant's summons were delivered by a most reliable source, the United State Postal Service. The Defendant made no complaint of the serving of his official summons, and since his official summons was delivered properly, his individual summons was delivered properly also, do to both the official and individual summons being delivered together. Thereby, the Defendant's **MOTION TO DISMISS** should be dismissed.

(3) In section II. page 7 of the Defendant's **MOTION TO DISMISS**, it states, "A Suit Against Charles Dickerson In His Official Capacity Is In Effect A Suit Against The District Of Columbia".

5

This claim of the Defendant's is extremely far from the truth. First and foremost, the critical issue in a suit against a employee of the District Of Columbia in his or her official capacity is whether prospective or retrospective relief is sought. Both prospective and retrospective relief implicates Eleventh Amendment concerns, but remedies designed to end continuing violations of Federal Law are necessary to vindicate the Federal interest in assuring the supremacy of that law, see **Green v. Mansour, 474 U.S. 64, 68 (1985)**

The United States Supreme Court asserted in **Will v. Mich., 491 U.S. 58, 105 L. Ed. 2d 45, 72 (1989)**, that "state officials in his or her official capacity, when sued for injunctive relief, would be a person under § 1983. Which affirms, it is **not** a suit against the District Of Columbia, when the Plaintiff is suing Charles Dickerson, the Defendant, in his official capacity, for injunctive relief. The Plaintiff is **not** suing the District Of Columbia in is own name, but a hired administrative employee of the District Of Columbia (i.e. not a judicial employee), for injunctive relief, in their official capacity, which under § 1983 is a person.

Prohibition of the United States Constitution Eleventh Amendment, does not apply to suits for injunctive relief against state officials nor District Of Columbia City Government Administrative Officials, based on violation of Federal Law. In other words, although the Plaintiff can not sue the District Of Columbia itself for injunctive relief, the Plaintiff can sue a District Of Columbia City Government Administrative Officials, in

6

their official capacity for injunctive relief, see **Kentucky v. Graham, 87 L. Ed. 2d 114 (1985)**. Becuase suits seeking prospective relief are not treated as a suit against the District of Columbia, the Plaintiff may seek such relief under **§ 1983, see Mo. v. Agyei ex rel. Jenkins, 491 U.S. 274, 284 (1989)**. Since the Plaintiff is <u>not</u> suing Charles Dickerson for monetary damages in his official capacity, but for injunctive relief in the Defendant's official capacity, the Defendant's **MOTION TO DISMISS** should be rejected.

The United States, at the time of the passage of the Civil Rights Acts Of 1871, deemed actions against agents of the sovereign were the means by which the State, despite its own immunity, was required to obey the law, see **Poindexter v. Greenhow, 114 U.S. 270, 297 (1884)**; and **Davis v. Gray, 16 Wall 203, 220, 21, L. Ed. 447 (1873)**.

(4) The Defendant's **MOTION TO DISMISS, Section III.** page 7, claim's the Defendant can not be held liable do to his entitlement of absolute judicial immunity. This claim of the Defendant is a attempt to misdirect and delude this United States District Court. On multiple provocations, in the Defendant's aforesaid section, the Defendant's attorney deceitfully insinuates that Charles Dickerson (i.e. branch chief of juvenile/neglect) is a clerk of court, and has such immunity as a clerk of court. Charles Dickerson is <u>not</u> a clerk of court for the Superior Court Of The District Of Columbia Family Division nor any other Court in the District Of Columbia. The Defendant's attorney nor the Defendant can entitle himself to absolute judicial immunity.

7

The Defendant's official job title is branch chief of juvenile/neglect, a title that asserts he is a leader for that particular section of the District Of Columbia City Government. The Defendant's office or job title **doesn't** directly pertain to the courtroom, he is not a judge, prosecutor, clerk of court, bailiff, witness for the state nor defense, court reporter, nor juror member, he **does not** hold a judicial position; therefore, **doesn't** have a claim to absolute judicial immunity. The Defendant herein is a department head (i.e. juvenile/neglect), with the District Of Columbia City Government. The Defendant's job title holds the same immunity equivalent to the branch chief of the District Of Columbia Waste Management, which is not absolute judicial immunity.

In **Hafer v. Melo, 116 L. Ed. 2d 301, 502 U.S. 21,** Justice O'Connor of the United State Supreme Court asserted: "This Court has refused to extend absolute immunity beyond a very limited class of officials, including the President Of The United States, legislators carrying out their legislative functions, and judges carrying out their judicial functions, whose special functions or constitutional status requires complete protection from suit", see **Harlow v. Fitzgerald, 475 U.S. 800, 807, 73 L. Ed. 2d 396, 102 S. Ct 2727 (1982).** The Court also articulated that "state executive officials are not entitled to absolute immunity (the Defendant in the case at hand, **1:07-cv-01785** is equivalent to a state official) for their official actions, **see Scheuer v. Rhodes, Supra.** In several instances, moreover, we have concluded that no more than qualified immunity attaches to administrative employment decision,

8

<u>even if the same official has absolute immunity when preforming other functions</u>", see **Forrester v. White, 98 L. Ed. 2d 555 (1988); Harlow v. Fitzgerald, supra;** actions under **Bivens v. Six Unknown Fed. Narcotics Agents, 21 L. Ed. 2d 619 (1971); and Davis v. Passman 60 L.Ed. 2d 846 (1979).**

Although **§ 1983** extends to clerk of court, bailiff, witness for the state or defense, court reporter, and juror member, the Defendant Charles Dickerson, a branch chief of juvenile/neglect, **does not** fall under the previously mentioned titles of absolute immunity. In the case at hand **(i.e. 1:07-cv-01785)**, the Defendant's (i.e. administrative city employee) violations are a administrative employee decision, not a judicial decision. The United States Supreme Court holds, that state officials (in this case, city officials) sued in their individual capacities are "person" within the meaning of **§ 1983, see Will v. Mich., 491 U.S. 58, 105 L. Ed. 2d 45 (1989); and Kentucky v. Graham, 473 U.S. 159, 87 L. Ed. 2d 114 (1985).** The Eleventh Amendment **does not** bar such suits, nor are state or city officials absolute immune from personal liability under **§ 1983,** solely by virtue of the official nature of their acts. The Defendant's **MOTION TO DISMISS** should be renounced

(4a) Although the Defendant is **not** entitled to absolute judicial immunity through the title of his position; nonetheless, the Defendant has indulged in the transgressions of being denied absolute immunity. The bar of judicial immunity can be overcome in two sets of circumstances. A judicial officer is not immune from absolute immunity for their non-judicial acts, **see Stump v.**

9

Sparkman, 435 U.S. 349, 360, 98 S. Ct. 1099, 1106 (1978). A judicial officer is **not** immune for their actions, though judicial in nature are taken in complete absence of all jurisdiction, see **Bradly v. Fisher, 13 Wall. at 351..**

The Federal Court Improvement Act of 1996, **Pub. L. No. 104-317, 110 Stat. 3847 (codified as amended in scattered sections of 18 U.S.C., 28 U.S.C., 42 U.S.C, 45 U.S.C.), section 309(a)** mandates, that "no judicial officer shall be liable for any cost, including attorney's fees, in any action brought against such officer....<u>unless such action is clearly in excess of such officers jurisdiction</u>" 110 Stat. at 3853. **Section 309(c)** of the Federal Courts Improvement Act amends § 1983 by providing that, in a action against a judicial officer, "injunctive relief shall not be granted <u>unless a declaratory decree was violated or declaratory relief was unavailable</u>" 110 Stat. 3847, 3853 **(codified at 42 U.S.C. § 1983 (2000).** In interpreting this legislation, the Senate Judiciary Committee explained that the prevsions were designed only to reverse **Pulliam v. Allen, 466 U.S. 522, 541-44 (1984),** and **not** to grant immunity for conduct clearly in excess of a judge's discretion, "<u>even if the conduct is taken in the judge's judicial capacity</u>", see S. Rep. No. 104-366, at 36-37 (1996), as reprinted in 1996 U.S.C.C.A.N. 4202, 4216-17.

The Defendant Charles Dickerson has acted against and in clear absence of all jurisdiction, when acting as a accessory to the illegal opening of the Plaintiff's District Of Columbia Juvenile Court Records to the public, by acting as a accessary to the desecration and breaching of the Plaintiff's protected rights

10

of United States Federal Statute 18 U.S.C.S. § 5038, District Of Columbia Statute of D.C. Juv. R. 55, and D.C. ST § 16-2331 through 16-2336, and West Virginia Statute 49-7-1, 49-7-3 and 49-5-17, which all state, it's illegal to open the Plaintiff's said record to the public. Two of the main emphasis are **District Of Columbia Statute D.C. ST § 16-2333(a) Police And Other Law Enforcement Records**, which asserts: "Law enforcement records and files concerning a child shall not be open to public inspection nor shall their contents or existence be disclosed to the public unless a charge of delinquency is transferred for criminal prosecution under **section 16-2307**, the interest of national security requires, or the court otherwise orders in the interest of the child"....**D.C. ST § 16-2336 Unlawful Disclosure Of Records; Penalties**, which affirms: Whoever willfully discloses, receives, makes use of, or knowingly permits the use of information concerning a child or other person in violation of **section 16-2331 through 16-2335**, shall be guilty of a misdemeanor, and upon conviction thereof, shall be fined not more than $250 or imprisoned not more than ninety days, or both. Violations of this section shall be prosecuted by the Corporation Counsel in the name of the District Of Columbia".

Both the Defendant and his accomplices, Kristen L. Keller and John A. Hutchison of the State Of West Virginia, have violated the aforementioned codes of law, and should be prosecuted under **District Of Columbia Statute § 16-2336, Unlawful Disclosure Of Records; Penalties.**

The Defendant has also violated well established declaratory decrees, of **Doe v. Webster, 606 F. 2d 1226 (1979), Interpreting Federal Youth Corrections Act, 18 USCA §§ 5005 et seq.; United States v. Three Juveniles v. Globe Newspaper Company, 862 F. Supp. 651 (1994 U.S. Dist.); and Pena et al. v. Schwartz et al., 853 F. Supp. 164 (1994 U.S. Dist.).** These said declaratory decrees refer and/or insinuates that, opening the Plaintiff's District Of Columbia Juvenile Court Record to the Public and releasing the said record to unauthorized personal is illegal.

By the Defendant being a accessary to the illegal opening of the Plaintiff's District Of Columbia Juvenile Court Record to the public and releasing the Plaintiff's said record to Kristen L. Keller (i.e. West Virginia State Official), without the permissions of a District Of Columbia Superior Court Judge Of The Family Division; the Defendant has committed a non-judicial act, **(see Stump v. Sparkman, 435 U.S. 349, 360, 98 S. Ct. 1099, 1106 (1978)** and should be denied immunity. The Defendant has acted against and in clear absence of all jurisdiction by violating the aforesaid declarative statutory law and declaratory decrees, **(see Bradly v. Fisher, 13 Wall. at 351)**; thereby, the Defendant is **not** entitled to absolute immunity, and his **MOTION TO DISMISS** should be denied.

Under the previously mentioned FEDERAL COURTS IMPROVEMENT ACT OF 1996, **Pub. L. No. 104-317, 110 Stat. 3847/3853 section 309(a) and 309(c)**, the Defendant would **not** be entitled to absolute judicial immunity, for acting in excess of his jurisdiction and violating declaratory decrees, even if the Defendant's job title

12

or office gave him a chance for absolute judicial immunity, which it **doesn't**; thereby, the Defendant's **MOTION TO DISMISS** should be turned down.

(5) Page 11 of the Defendant's **MOTION TO DISMISS**, states under **D.C. Code § 16-2331(c)(6)**, the prosecutor from the State Of West Virginia was permitted to process the Plaintiff's District Of Columbia Juvenile Court Record, without the permission of a District Of Columbia Family Court Judge, this is not true. The prosecuting attorneys that **D.C. Code § 16-2331** refers to, are any prosecuting attorneys within the District Of Columbia Jurisdiction. The prosecutor from West Virginia, who the Defendant illegally transmitted the Plaintiff's said record to, falls under **D.C. R. Juv. Rule 55 (b)(2), Application For Special Order To Inspect Case Records**, which asserts: "<u>Judicial officers and professional staff of the Superior Court may inspect case records at any time. The Corporation Counsel and the Corporation Counsel's assistants assigned to the Division, and the respondent, the respondent's parent, guardian, or custodian, and the respondent's attorney may inspect and copy case records at any stage of a proceeding in the Division.</u> In all other cases, a person or agency shall apply in writing to the Presiding Judge of the Division for a special order to inspect or copy case records pursuant to **<u>D.C. Code § 16-2331(b)(7).</u>** The application for a special order to inspect case records shall state in writing the name, address, and telephone number of the person or agency desiring to inspect the respondent's case records, the professional affiliation of the person or agency, and the reason for which the special order is

13

sought. The application shall also state that the information obtained from the case records will not be used in a manner which is reasonably likely to identify the respondent". Only judicial officers within the District Of Columbia Jurisdiction and people within the respondent's family or custodian/guardian, are allowed to possess the Plaintiff's said record without the permission of the Presiding Judge Of The District Of Columbia Family Court Division.

    The Defendant **didn't** follow the guidelines of **D.C. R. Juv. Rule 55(b)(2)**, when illegally allowing his co-conspirator, Kristen L. Keller (i.e. illegally opened the Plaintiff said record, and also a Defendant of the herein Plaintiff, within the United States District Court For the Southern District Of West Virginia) to obtain the Plaintiff's said record. **D.C. R. Juv. Rule 55(b)(2)**, is established to afford the Plaintiff the right of **D.C. R. Juv. Rule 55(b)(3), Application For Special Order To Inspect Social Records**, which affirms: "In addition to the requirements under subparagraph (b)(2) of this Rule, a copy of an application to inspect the juvenile social records pursuant to **D.C. CODE § 16-2332(b)(5)** shall be served upon the respondent, the respondent's parent, guardian, or custodian, and the respondent's attorney. If the application is accompanied by written consent to the application by the respondent, the respondents parent, guardian, or custodian, and the respondent's attorney on forms provided by the Division, the Presiding Judge Of The Division may grant the application to inspect or copy a juveniles social record. If the respondent, the respondent's parent, guardian, or custodian, or

the respondent's attorney objects to the application within 10 days of service thereof upon them, the Division shall conduct a hearing on the record to determine whether the application to inspect the social record should be approved or denied in whole or in part. If their is a objection or if the application to inspect or copy the social record is not accompanied by written consent to the application by the respondent, the respondent's parent, guardian, or custodian, and the respondent's attorney, then the Presiding Judge Of The Division shall deny the application unless it appears:

(A) That information contained in the social records and sought by the applicant is not otherwise available to the applicant; and

(B) That

(i) The applicant has a professional interest in the protection, welfare, treatment, or rehabilitations of the respondent or the respondent's family; or

(ii) The applicant has a professional interest in the work of the Superior Court and inspection of the social record and the intended use by the applicant of the information are not reasonably likely to cause the respondent or the respondent's family <u>embarrassment</u> or <u>emotional</u> or <u>psychological</u> harm; and

(C) That the applicant will not use information obtained from the social files in a manner which is reasonably likely to identify the respondent or reveal or publish information of a personal nature about the respondent or the respondent's family of which those who know the respondent are not otherwise likely to have knowledge".

The Plaintiff was **not** afforded these aforesaid rights of **D.C. R. Juv. Rule 55(b)(2)** and **D.C. R. Juv. Rule 55(b)(3)**. This is two of several reasons the Plaintiff's District Of Columbia Juvenile Court Record is illegally open to the public to this day. These are two of many examples, of how the Plaintiff was horrendously denied his protected United States Constitutional Rights and statutory law rights, by Charles Dickerson.

Hereby, the Defendant is not a clerk of court for the Family Court Of The District Of Columbia (i.e. Division) and public officials can not rely on ignorances of even the most esoteric aspects of the law to avoid liability. The reasonableness standard is determined "under settled law in the circumstances", **see Long v. Norris, 929 F. 2d 1111, 1115 (6th Cir. 1991).**

Wherefore, the Defendant willful abuse of power and corrupt exercise of office, by being a accessary to the illegal opening and illegally releasing the Plaintiff's District Of Columbia Juvenile Court Record, which violates and is still violating to this day, the Plaintiff's United States Constitutional Rights, deems the Defendant Charles Dickerson a criminal under District Of Columbia Statute **D.C. ST § 16-2336 Unlawful Disclosure Of Records; Penalties.** The Plaintiff herein prays and beseeches, this Noble Court to grant the Plaintiff's relief asked for, and **deny, decline** and **renounce** the Defendants **MOTION TO DISMISS.**

                    Warren C. Hester II,

                    Pro se.

16

*Warren C. Hester II*

Warren C. Hester II

M.O.C.C.

One Mountainside Way

Mount Olive, W.Va. 25185

## THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

WARREN C. HESTER II,

    PLAINTIFF,

V.                                CASE NO. 1:07-cv-01785

CHARLES DICKERSON,

    DEFENDANT.

### CERTIFICATE OF SERVICE

    I, Warren C. Hester II, pro se, do hereby certify that the foregoing "MOTION TO FOREGO DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS" was served upon the United States District Court and Counsel for the Defendant as follow:

| UNITED STATES DISTRICT COURT | (COUNSEL FOR THE DEFENDANT) |
|---|---|
| THE DISTRICT OF COLUMBIA | KERSLYN D. FEATHERSTONE |
| CLERK OF COURT | 441 4TH ST., N.W. SUITE 600-S |
| 333 CONSTITUTION AVENUE, N.W. | WASHINGTON, D.C. 20001 |
| WASHINGTON, D.C. 20001 | |

by depositing a true copy of the same in the United States Mail, first class, with postage fully paid, and properly addressed, on this the __21__ day of January, 2008.

*Warren C. Hester II*

Warren C. Hester II

M.O.C.C.

One Mountainside Way

Mount Olive, W.Va. 25185