UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| WARREN C. HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **Civil Action No. 07-CV-1785 (RCL)** |
| ) | **Judge Royce C. Lamberth** |
| CHARLES DICKERSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT CHARLES DICKERSON'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Defendant Charles Dickerson,[1] (hereinafter, "Defendant"), by and through undersigned counsel and pursuant to Fed. Rs. Civ. P. 4 and 12(b)(5) and (6), hereby responds to Plaintiff's opposition to the Defendant's Motion to Dismiss and sets forth facts in support of its position in the attached Memorandum of Points and Authorities.

Respectfully submitted,

PETER J. NCKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

       /s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Section Chief
General Litigation Section III

---

[1] Mr. Dickerson is an employee of the District of Columbia.

1

/s/ Kerslyn D. Featherstone_____
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
(202) 724-6600
(202) 727-3625 (fax)
Email: Kerslyn.Featherstone@dc.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on  January 28 , 2008, a copy of the foregoing Reply to Plaintiff's Opposition to Charles Dickerson's Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Warren C. Hester, II
43604, M.O.C.C.
One Mountainside Way
Mount Olive, W.Va., 25185
*Plaintiff*

 /s/  Kerslyn D. Featherstone\_\_
Kerslyn D. Featherstone
Assistant Attorney General

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| WARREN C. HESTER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **Civil Action No. 07-CV-1785 (RCL)** |
| ) | **Judge Royce C. Lamberth** |
| CHARLES DICKERSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CHARLES DICKERSON'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The District of Columbia submits this Memorandum of Points and Authorities in support of its response to Plaintiff's opposition to the District's Motion for Summary Judgment

**I.   EVEN IF ALLEGING A CLAIM UNDER 42 USC § 1983, PLAINTIFF CAN PROVE NO SET OF FACTS THAT WOULD ENTITLE HIM TO RELIEF.**

Plaintiff alleges that a constitutional violation, even if not properly pled in his complaint, should be liberally construed and the plaintiff should be "afford[ed] [sic] the benefit of any doubt." *See* Opposition at 3. The District contends that plaintiff alleged a constitutional violation in his complaint.

The issue before this court is whether plaintiff can prove through any set of facts a claim for a constitutional violation. The District submits he cannot and, therefore, its Motion to Dismiss must be granted.

First, Plaintiff states that "[i]n accessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the factual

3

allegations in the complaint as true." *See* Opposition at 4.  The District contends that this may be a proper analysis under 12(b)(6). However, what plaintiff fails to realize is that even accepting the facts as true, the court must find that a violation occurred as a matter of law and the District avers that no law has been broken in the District of Columbia by Mr. Dickerson.  Additionally, plaintiff wants to impute on Mr. Dickerson the further actions of West Virginia State Officials.  To do so, this court would reach far beyond its jurisdictional limits.  If the court were to find that Mr. Dickerson's release of plaintiff's District of Columbia's Juvenile Records were proper under D.C. Code § 16-2331(b)(6), then there would be no violation of plaintiff's rights in the District of Columbia and plaintiff's complaint must be dismissed with prejudice.

Second, plaintiff alleges that "[his] District of Columbia Juvenile Record is illegally open to the public"… and his "Constitutional Rights are continuously being violated to this day."  *See* Opposition at 2.  Again, if this court finds that there was no violation in the release as a matter of law, then plaintiff's arguments fail and the complaint must be denied.

II.  **THE PLAINTIFF FAILED TO PROPERLY SERVE THE DEFENDANT IN HIS INDIVIDUAL CAPACITY.**

Plaintiff's opposition does not suggest that his method of service was consistent with court rules; however, he only states that the summons was "delivered by a most reliable source, the United States Postal Service." *See* Opposition at 5.  In support of his position, plaintiff argues that Fed. R. Civ. P. 4(e)(2) is contradictory, inasmuch as, it allows service on an individual by "leaving copies at the individuals dwelling house or **usual place of abode with some person of suitable age and discretion then residing**

4

**therein**" (emphaisis added) *See* Opposition at 5. This argument must fail. Plaintiff mistakenly believes that abode is another term for workplace. *See* Opposition at 5 (defendant states that the summons was delivered to [Mr. Dickerson's] "usual place of abode (i.e. [Mr. Dickerson's] place of work")). The plain meaning definitions of abode include a place in which a person resides; residence; dwelling; habitation; home. None of these definitions indicate that a person's work place is an abode. Therefore, the only proper service on an individual at his or her workplace would be through personal service as set forth in Fed. R. Civ. P. 4(e).

Here, Plaintiff mailed a copy of the complaint to Mr. Dickerson through certified mail to the District of Columbia Superior Court, Mr. Dickerson's place of employment. The letter was received in the mail room by a mailroom clerk, and forwarded to Mr. Dickerson's office, the Juvenile and Neglect Clerk's office, through the normal course of business at Superior Court. This is improper service pursuant to Fed. Civ. R. P. 4(e). Therefore, the Court cannot conclude that the plaintiff properly served Mr. Dickerson. Accordingly, the complaint against Mr. Dickerson Motion should be granted on the basis that there is lack should be dismissed for improper service.

### III.   PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF UNDER § 1983 AGAINST MR. DIKCERSON IN HIS OFFICIAL CAPACITY IS IMPROPER AS MR. DICKERSON'S ACTIONS WERE LAWFUL.

Plaintiff is correct in stating that a claim under § 1983 for injunctive relief against an individual in his or her official capacity would be a suit against the individual and not the District. *See Hafer v. Melo*, 502 U.S. 21, 24 (state officials sued for injunctive relief in their official capacities are "persons" subject to liability under § 1983).

However, plaintiff has failed to make a valid claim under 42 USC § 1983 against Mr. Dickerson acting in his official capacity. Plaintiff has failed to show that Mr. Dickerson violated his constitutional rights by releasing his District of Columbia juvenile records to the Prosecutor's office in the State of West Virginia. As stated in his motion, Mr. Dickerson was well within his official duties to release plaintiff's court records to the Prosecutor's office in the State of West Virginia. Specifically, D.C. Code § 16-2331 (b) states that:

> [j]uvenile case records shall be kept confidential and shall not be open to the inspection; but, subject to the limitations of subsection (c) of this section, the inspection of those records shall be permitted to…
>
> (6) the United States Attorney for the District of Columbia, his assistants, and any other prosecuting attorneys, or defense attorneys, when necessary for the discharge of their official duties.

The language of the statue explicitly allowed for the actions taken by Mr. Dickerson in his official capacity as the Chief of the Juvenile and Neglect Branch of the Superior Court for the District of Columbia. Therefore, as a matter of law, the court may conclude that Mr. Dickerson was acting within the limitations set forth in D.C. Code § 16-2331 (b) and thus was proper in releasing plaintiff's juvenile court records.

Also, plaintiff, in his opposition, states that he would like Mr. Dickerson "to recover [his] juvenile court record from the State of West Virginia [and to] seal it from the State of West Virginia and the public." *See* Complaint at 5. Again, this relief would presuppose this court found that Mr. Dickerson was improper in releasing plaintiff's information in the first instance. The District avers that the court cannot find such a holding. Accordingly, plaintiff's claim for injunctive relief against Mr. Dickerson has not merit because plaintiff has failed to show any violation by Mr. Dickerson.

**IV.     JUDICIAL IMMUNITY APPLIES TO THE DEFENDANT.**

Plaintiff's opposition states that Mr. Dickerson, as Branch Chief of the Juvenile and Neglect Branch, of the Superior Court of the District of Columbia, is not entitled to judicial immunity because he is not in a position contemplated by the Court to be afforded such immunity. This is simply untrue.

The courts have long held that when a court clerk is acting in furtherance of the judicial process and it is an integral part of one's job performance, they are immune from liability. Judicial immunity for court clerks has been widely applied by the D.C. Circuit Court of Appeals as well as the D.C. Court of Appeals. *See*, *e.g.*, *Spruel v. Suter*, 106 Fed. Appx. 72 (D.C. Cir. 2004) (Supreme Court clerks enjoy absolute immunity concerning "all acts ... that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction'"); *Farris v. Suter*, 98 Fed. Appx. 10 (D.C. Cir. 2004) ("immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all jurisdiction'"); *Gent v. Suter*, 1996 U.S. App. LEXIS 10771 (D.C. Cir. 1996) ("court clerks are absolutely immune from suits for damages based on actions taken in the course of carrying out their official duties"); *Blair v. Department of Justice*, 1993 U.S. App. LEXIS 33828, 1-2 (D.C. Cir. 1993) (affirming dismissal because "the acts of the court employees about which appellant is complaining are indisputably "integral parts of the judicial process" and are within their jurisdiction"); *McAllister v. District of Columbia*, 653 A.2d 849, 850-851 (D.C. 1995) ("we hold that because of the [judicial immunity] doctrine's underlying purpose, court clerks, like judges, should be immune from damage suits for performing tasks that are integrally related to the judicial process.").

Here, it is clear that Mr. Dickerson is an employee contemplated by the Court. Mr. Dickerson is the Branch Chief of the Juvenile and Neglect Branch of the Superior Court for the District of Columbia. His job duties include, but are not limited to, overseeing the court records of all juvenile case files within the Superior Court. Any decisions made by Mr. Dickerson regarding those case files are directly related to his position as Branch Chief of the Juvenile and Neglect Branch. To ask this court to disregard his role in the court's judicial system is outrageous. If Mr. Dickerson was unable to make key decisions that directly impact his furtherance of court duties, without being subject to liability for such actions, his position would be greatly compromised and the business of the Juvenile and Neglect Branch would be severely handicapped.

While plaintiff has cited extensive case law, the cases simply fail to support his position. Mr. Dickerson is an employee contemplated by the Courts. Moreover, even if the Court found there was a violation of plaintiff's constitutional rights (which the District does not contend there was), he would be entitled to judicial immunity and thus the claims against him must be dismissed.

**V.    D.C. CODE § 16-2331(C)(6) ALLOWS FOR THE RELEASE OF JUVENILE COURT RECORDS TO ANY OTHER PROSECUTING ATTORNEY.**

Plaintiff's opposition incorrectly states that the only prosecuting attorney permitted to receive his Juvenile court records would be those here in the District of Columbia. This assertion is untrue and lacks merit.

D.C. Code § 16-2331 is the general confidentiality statute that applies to all juvenile case records regarding a youth under the jurisdiction of the Family Court of the Superior Court of the District of Columbia. As stated earlier, D.C. Code § 16-2331 (b)(6) gives direct permission to the release of juvenile records to "any other prosecuting

8

attorneys". Plaintiff's interpretation of this statute is illogical. Plaintiff asserts that the only prosecuting attorneys permitted are those in the District of Columbia. *See* Opposition at 13. To accept his interpretation would give no meaning to the statute specifically setting for the United States Attorney for the District of Columbia and then the subsequent statement of **any other prosecuting attorneys** (emphasis added). Given that the statue listed the District's prosecuting agency first and then subsequently listed others that are permitted to inspect such records, this court must conclude that the Prosecuting attorney in the State of West Virginia were contemplated by this statue.

Moreover, plaintiff refers this court to various provisions of D.C. Code § 16-2331; however, none of the cited statutes apply. Plaintiff further directs this court to Super. Ct. Juv. R. 55 in support of his position. Again, this court rule refers the court to the applicable statues, and in this case, it's D.C. Code § 16-2331. Accordingly, plaintiff's claims against Mr. Dickerson should be dismissed.

VI. **ANY ACTIONS TAKEN BY THE WEST VIRGINIA STATE OFFICALS IS NOT AN ISSUE FOR THIS COURT AND SHOULD NOT BE CONSIDERED.**

Plaintiff has repeatedly insinuated the actions of the State of West Virginia officials, Kristen L. Keller and John A. Hutchinson in this matter. In fact, plaintiff has filed an action against those individuals in the U.S. District Court for the Northern District of West Virginia. Because the conduct alleged falls outside this jurisdiction, those claims are not properly before this court and should not be considered.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, the Charles Dickerson hereby moves this Court to dismiss all claims, with prejudice.

9

        Respectfully submitted,

        PETER J. NICKLES
        Interim Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ___/s/ Phillip A. Lattimore, III_____
        PHILLIP A. LATTIMORE, III [422968]
        Section Chief
        General Litigation Section III

        _/s/ Kerslyn D. Featherstone_____
        KERSLYN D. FEATHERSTONE [478758]
        Assistant Attorney General
        441 4th Street, N.W.
        6th Floor South
        Washington, D.C. 20001
        (202) 724-6600
        (202) 727-3625 (fax)
        Email: Kerslyn.Featherstone@dc.gov


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on  January 29, 2008, a copy of the foregoing Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, Memorandum of Supporting Points and Authorities and proposed order was mailed postage prepaid to:

Warren C. Hester, II
43604, M.O.C.C.
One Mountainside Way
Mount Olive, W.Va., 25185
*Plaintiff*

        _/s/_ Kerslyn D. Featherstone__
        Kerslyn D. Featherstone
        Assistant Attorney General

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN C. HESTER,<br><br>        Plaintiff,<br><br>    v.<br><br>CHARLES DICKERSON,<br><br>        Defendant. | **Civil Action No. 07-CV-1785 (RCL)**<br>**Judge Royce C. Lamberth** |

## ORDER

Upon consideration of the Charles Dickerson's Motion to Dismiss, Plaintiff's opposition, Charles Dickerson's Reply thereto, and the entire record herein, it is hereby

**ORDERED:**   that Charles Dickerson's Motion is **GRANTED**; and it is

**FURTHER ORDERED:**   that all claims against Charles Dickerson are **DISMISSED**, with prejudice.

**SO ORDERED**.

                                                          The Honorable Royce C. Lambert
                                                          Judge, U.S. District Court for the
                                                          District of Columbia

Copies to:
Kerslyn D. Featherstone
Assistant Attorney General
441 4th Street, N.W., Suite 600-S
Washington, DC  20001

Warren C. Hester, II
43604, M.O.C.C.
One Mountainside Way
Mount Olive, W.Va., 25185