LET THIS BE FILED

*Royce C. Lamberth*
*U.S.D.J. 5/30/08*

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE HONORABLE UNITED STATES JUDGE
ROYCE C. LAMBERTH

Warren C. Hester II,

    Plaintiff,

vs.                                                                     Case No. 1:07-cv-01785

Charles Dickerson,

    Defendant.

RECEIVED

FEB 1 3 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

<u>THE UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF COLUMBIA</u>

Warren C. Hester II,
    Plaintiff,

vs.                                                Case No. 1:07-cv-01785

Charles Dickerson,
    Defendant.

<u>ANSWER TO DEFENDANT CHARLES DICKERSON'S</u>
<u>REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S</u>
<u>MOTION TO DISMISS</u>

    Comes now, Warren C. Hester II, Plaintiff hereinafter, once again asking this Honorable Court to forego the Defendant Charles Dickerson's motion to dismiss.

    The Defendant, Charles Dickerson, has committed (1) the act of accessory, in the illegal opening of the Plaintiff's District Of Columbia Juvenile Court Record and (2) illegally releasing the Plaintiff's said record to a West Virginia Official, without the permission of the Presiding Judge of the District Of Columbia Superior Court Family Division, which is required by law *(see DC R JUV Rule 55(b)(2) and 55(b)(3))*. The Plaintiff ask this United States District Court to reprimand the Defendant and find him liable for his illegal actions.

(1)    In the Defendant's reply to the Plaintiff's opposition to the Defendant's motion to dismiss, section I , the Defendant alleges the Plaintiff cannot prove any constitutional violations.

    The Plaintiff has stated and can prove, with documented proof, the Defendant Charles Dickerson is a accessory to the illegal opening of the Plaintiff's said record to the public/media and can prove the Defendant illegally released the Plaintiff's said record to a unauthorized person, do to the absent authorization from the Presiding Judge of the District Of Columbia Family Court. This can be proven in trial, if necessary.

(1a) The Defendant's reply section I., also asserts the Defendant has not broken a District Of Columbia Law by acting as a accessory to the illegal opening of the Plaintiff's said record to the public/media, this is very farfetched..

It is obviously apparent, that illegally opening the Plaintiff's District Of Columbia Juvenile Court Record to the public/media, hideously violates **District Of Columbia Statute Law Code DC ST § 16-2331 through § 16-2336** and the Plaintiff's United States Constitutional Rights, one of which is the 14th Amendment, Right To Informational Privacy *(see Doe v. Delie, 257 F.3d 309, 317 (3rd Cir 2001) and Wood v. White 689 F. Supp. 874, 876 W.D. Wis 1988)*. Committing the act of accessory, to illegally opening the Plaintiff's District OF Columbia Juvenile Court Record to the public/media, as the Defendant Charles Dickerson has done, is just the same as the Defendant illegally opening the Plaintiff Juvenile Court Record to the public/media himself. This is the whole reason the America Judicial System and Laws, deems acts of accessory a crime within itself.

(2) In section II of the Defendants reply, he continues to complain the Plaintiff improperly delivered the Defendant's individual capacity summons.

This said complaint of the Defendant's, is a false minuscule error, if that, which doesn't exist; thereby, the defendant should not subsist this redundant complaint.

First and foremost, the Defendant's official and individual capacity summons were delivered together, which the Defendant never complained of his official capacity summons being delivered improperly. If the Defendant's official capacity summons was delivered properly, which it was, his individual capacity summons was delivered properly.

Secondly, *Federal Rule Of Civil Procedure 4(e)* is titled **"Service Upon Individuals Within The Judicial District Of The United States"**. This section does not state that a official and individual summons should be delivered in a separate manner.

Third, the word "individual" in the title *Federal Rule Of Civil Procedure 4(e)(2),* does not pertain to individual capacity summons as the Defendant deceitfully insinuates. The word "individual" in the title of this said section refers to "person" or "citizen" to be served with a summons, not individual capacity .

Fourth,

*(A) Federal Rules Of Civil Procedure 4(f), asserts: Service Upon Individuals In A Foreign*

2

*Country.*

*(B) Federal Rules Of Civil Procedure 4(g) affirms: Service Upon Infants And Incompetent Persons.*

*©) Federal Rules Of Civil Procedure 4(h) states: Service Upon Corporations And Associations.*

*(D) Federal Rules Of Civil Procedure 4(I) asserts: Serving The United States ,And It's Agencies, Corporations, Officers, And Employees.*

*(E) Federal Rules Of Civil Procedure 4(j) affirms: Service Upon Foreign, State, and Local Governments.*

*(F) Federal Rules Of Civil Procedure 4(k) states: Territorial Limits Of Effective Service.*

There is no subsection in *Federal Rules Of Civil Procedure 4*, specifically ordaining the separation of delivery methods of official and individual capacity summons. This also indicates the word "Individual" in the title of *Federal Rules Of Civil Procedure 4(e)*, does not pertain to individual capacity as the Defendant Fraudulently claims.

Fifth, in part of *Federal Rules Of Civil Procedure 4(e)(2)* it states, "leaving copies thereof at the individual's dwelling house or ususal place of abode". In this context, the word abode is not considered a persons house/resident, as the Defendant states, do to the word "or" in the said title between dwelling house "or" usual place of abode, separating the meaning of abode from dwelling house. "Or" gives the meaning of separating the two (i.e. dwelling house and usual place of abode).

Once again, the Defendant has never complained of the delivery of his official capacity summons, why, because it was delivered properly, and the official and individual capacity summons where delivered together; therefore the individual capacity summons was properly severed upon the Defendant, just as the official capacity summons was delivered property (also see Plaintiff's **MOTION TO FOREGO DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS** page 5 section (2)

(3)    In the Defendant's reply to the Plaintiff's opposition to the Defendant's motion to dismiss, section III., it refers the Defendant Charles Dickerson's illegal violations of the Plaintiff's United States Constitutional Rights and District Of Columbia Declarative Statutory Rights were lawful. This is one of the most ridiculous statements of the Defendant's so far. The Defendant also states that the Plaintiff is correct in asserting that a claim under *§ 1983* for injunctive relief against the

3

Defendant in his official capacity, would be a suit against the Defendant and not the District Of Columbia.

The Plaintiff is also correct in stating the Defendant Charles Dickerson is a accessory to the illegal opening of the Plaintiff's District Of Columbia Juvenile Court Record to the public/media and unlawfully releasing the Plaintiff's said record to a West Virginia Official, without the authorization of the Presiding Judge of the District Of Columbia Family Court (i.e. Division)

A act of accessory in breaking the District Of Columbia Law, has never been a lawful action, no matter who committed the said violations of the District Of Columbia Law. Charles Dickerson has acted in accessory to violating the District Of Columbia Law and Plaintiff's Rights. Unless the Defendant believes his non-judicial job gives him the right to break declarative statutory and well established laws of the ***District Of Columbia Statute DC ST § 16-2331 through § 16-2336 and D.C. JUV Code 55(b)(2) and 55(b)(3),*** which all state it is illegal to open a District Of Columbia Citizen's juvenile court record to the public/media, in which the Defendant is a accessary to committing, it is undeniable for the Defendant to see he is guilty. To be more specific, ***District Of Columbia Statute DC ST § 16-2333(a)*** affirms: Law enforcement records and files concerning a child shall not be open to public inspection nor shall their content nor existence be disclosed to the public unless a charge of delinquency is transferred for criminal prosecution under **section § 16-2307,**, the interest of national security requires, or the court otherwise orders in the interest of the child, which the Defendant is a accessory to violating as well as several other laws. Also see Plaintiff **MOTION TO FOREGO DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS page 11.**

(4) In the Defendant's reply section IV., it asserts when a court clerk is acting in furtherance of the judicial process and it is an integral part of one's job performance, they are immune from liability.

This aforesaid statement does not apply to the Defendant at hand, Charles Dickerson. The Defendant's job (i.e. branch chief of juvenile /neglect), is **"not"** a direct part of the District Of Columbia Superior Court System, indirect maybe. The Defendant's job is a integral part of the District Of Columbia Administrative Government, juvenile/neglect branch, not a integral part of the judicial process. No where in the Defendant's job title does it state "clerk".

No Judge within the District Of Columbia jurisdiction ordered the Defendant to release the

Plaintiff's said record to the public nor the West Virginia Official, which by District Of Columbia law is necessary, **see exhibit A. Section (b)(2) and (b)(3).**

The Defendant is not a clerk to the Superior Court of the District Of Columbia Family Court, he is not a judicial employee, the Defendant is administrate employee for the District Of Columbia Administrative City Government, and his immunity is the same as any other administrative employee of the District Of Columbia Government (e.g. Human Services), which is qualified immunity at best.

Committing the illegal act of accessory, to the illegal act of opening the Plaintiff's said record to the public, is against and in clear absence and excess of all jurisdiction, which the Defendant committed, do to violating *District Of Columbia Statute Law DC ST § 16-2331 through § 16-2336.* To be more specific, *D.C. Code Ann. § 16-2331, 16-2332, and 16-2363* refers the general public and media are to be excluded from juvenile proceedings and records/documents. District Of Columbia employees shall refrain from divulging information identifying the child or members of his/her family involved in the proceedings or record/document, to the public, which the Defendant is guilty of committing as a accessory to. See Plaintiff's **MOTION TO FOREGO DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS**, section (4) page 7, 8, 9, 10, 11, 12, and 13.

(5)   Defendant's reply to Plaintiff's opposition to motion to dismiss section V. refers, D.C. Code § 16-2331©)(6) allows any prosecuting attorney beyond the jurisdiction of the District Of Columbia, to ignore District Of Columbia Code Of Law DC R JUV Rule 55, which is an out right insult to the District Of Columbia Statute Code Of Law.

DC R JUV Rule 55 is a specific confidentiality statute that applies to absolutely every juvenile court record within the District Of Columbia jurisdiction, except for the said juveniles that have been transferred to adult jurisdiction, which in the case at hand **(i.e. 07-cv-01785)** did not occur.

As referred in the Plaintiff's **MOTION TO FOREGO DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS**, the only prosecutors allowed to view a District Of Columbia Juvenile Court record, without the authorization of the Presiding Judge of the District Of Columbia Family Court, are within the District Of Columbia Jurisdiction (i.e United States Attorney Generals Office, United States Attorney Of The District Of Columbia Office, Corporation Counsel Office, **and other personal referred to in DC R JUV Rule 55) (see exhibit A.).** The Defendant did not receive authorization from the Presiding Judge of the District Of Columbia Family Court,

to relinquish the Plaintiff's said record to the West Virginia Official. If the Court would graciously review **exhibit A.,** emphasis on section (b)(2) and (b)(3), the Court will find that the Plaintiff's argument is specific and true and the Defendant argument is "generalized and untrue".

(6)     Within the Defendant's reply to the Plaintiff's opposition to Defendant's motion to dismiss section VI., it applies this United States District Court For The District Of Columbia is beyond its jurisdiction.

Contrary to the Defendant's belief, this Noble United States District Court For the District Of Columbia has total jurisdiction over the case at hand (i.e. 07-cv-01785). This is do to the Defendant's employment within the District Of Columbia Jurisdiction, which is where the Plaintiff's United States Constitutional Rights were violated and the Defendant's breeching of statutory law evolved; thereby acting against and in clear absence and excess of all jurisdiction.

(7)     In the Defendant's DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS, page 3, it states: "Plaintiff's criminal case State v. Hester, Case No. 05-F-189-H, is filed in the U.S. District Court for the Southern District of West Virginia. The Defendant included the aforementioned information within the motion to dismiss, in a attempt to improperly bias this Court against the Plaintiff in his *42 U.S.C.§ 1983* complaint.

What the Defendant's indecent attempt to bias this Court against the Plaintiff is unaware of, the DNA Analysis of the West Virginia State Police Forensic Laboratory Report, **(see Exhibit B)** opinion rendered, concludes the DNA found on the alleged crime scene "exculpates" the herein Plaintiff (i.e State v. Hester Case No. 05-F-189-H) as the donor, which proves the plaintiff is not guilty.

The highly exculpatory evidence **(see Exhibit B),** was omitted from the jury of State v. Hester; thereby, the jury of State v. Hester was not allowed to consider this forensic evidence in there deliberation, which denied the jury a fair deliberation and the Plaintiff (in State v. Hester, the Defendant) a fair trial.

Wherefore, the Plaintiff has affirmed impeccable cause for this Principled Court, to grant his **MOTION TO FOREGO DEFENDANT CHARLES DICKERSON'S MOTION TO DISMISS,** within the aforesaid motion and this herein document.

Warren C. Hester II,

Pro se.

*/s/ Warren C. Hester II*

Warren C. Hester II

One Mountainside Way

Mount Olive, W.Va. 25185

7



D.C. Council Home                    Home  Search  Help  ©

**EXHIBIT "A"**

Welcome to the online source for
District of Columbia Official Code

DC R JUV Rule 55

◀ Term ▶    ◀ Best Section ▶

Rules Governing Juvenile Proceedings in the Family Division of the Superior Court of the District of Columbia (SCR-Juvenile) Rule 55

WEST'S DISTRICT OF COLUMBIA RULES OF COURT
SUPERIOR COURT RULES OF THE FAMILY DIVISION
RULES GOVERNING JUVENILE PROCEEDINGS
X. GENERAL PROVISIONS
Copr. © 2007 Thomson/West.
Current with amendments received through 1/1/2007

RULE 55. RECORDS

**(a) Records Required.** The Clerk of the Division shall keep a book known as the "juvenile docket" in which, among other things, shall be entered each order or judgment of the Division. The entry of an order or judgment shall show the date the entry is made. In the alternative, the requirements of the foregoing two sentences may be met by a system in which each paper, appearance, order, verdict, and judgment, etc. in a case is microfilmed and, where such a system is utilized, the date a document is photographed, which date must be entered on the document, shall be regarded as the date of entry. The Clerk of the Division shall also keep such case and social ✦records✦ and other books and ✦records✦ in ✦juvenile✦ proceedings as may be required from time to time by the Executive Officer of the District of Columbia Courts subject to the supervision of the Chief Judge.
**(b) Inspection and Copying ✦Juvenile Records✦.**
(1) *Who Can Inspect.* In addition to persons or agencies otherwise authorized by statute, the following persons or agencies may also inspect the ✦records✦ of any ✦juvenile✦ who was previously or is now within the jurisdiction of the court, unless such ✦records✦ have been sealed pursuant to D.C.Code § 16-2335:
✦BEST (A) The prosecutor and the attorney for the respondent in a criminal proceeding in which the respondent's mental competence is at issue or in which respondent has challenged the respondent's transfer from the Family Division to the Criminal Division, to inspect that respondent's ✦records✦, upon approval of the judicial officer assigned to the case or the Judge in Chambers;
(B) The United States Attorney for the purpose of determining whether the ✦juvenile✦ should be prosecuted as an ✦adult✦ pursuant to D.C.Code § 16- 2301(3) (D.C.Code § 16-2331 case ✦records✦ only), or where otherwise provided by law;
BEST✦ (C) Any judicial officer referred to in D.C.Code § 23-1321 for the limited purpose of assessing the respondent's past conduct to determine a motion for pretrial detention or to establish conditions of release;
(D) Any person, hospital, institution or agency engaged in mental or physical evaluation or diagnosis pursuant to an order under D.C.Code § 16- 2315;
(E) Any hospital, institution or agency to which the child could be committed under D.C.Code § 16-2320, provided the allegations of the petition have been adjudicated, and such hospital, institution or agency is being investigated as a dispositional possibility by the Director of Social Services or the attorney for the child.
(F) Other persons, agencies or organizations having a professional interest in the work of the Division and certifying in writing to the clerk of the Division:
(i) that inspection of ✦juvenile records✦ will be conducted as part of a research survey of Division ✦records✦;
(ii) that individual case histories shall not be included in any report of or other publication pertaining to the research survey unless authorized by the Division in accordance with the provisions of subsections (b)(2) and (b)(3) of this rule; and
(iii) that the research will be conducted in accordance with administrative procedures established by the clerk of the Division.

**"EXHIBIT A"**

(2) *Application for Special Order to Inspect Case ✦Records✦*. Judicial officers and professional staff of the Superior Court may inspect case ✦records✦ at any time. The Corporation Counsel and the Corporation Counsel's assistants assigned to the Division, and the respondent, the respondent's parent, guardian, or custodian, and the respondent's attorney may inspect or copy case ✦records✦ at any stage of a proceeding in the Division. In all other cases, a person or agency shall apply in writing to the Presiding Judge of the Division for a special order to inspect or copy case ✦records✦ pursuant to D.C.Code § 16-2331(b)(7). The application for a special order to inspect case ✦records✦ shall state in writing the name, address, and telephone number of the person or agency desiring to inspect the respondent's case ✦records✦, the professional affiliation of the person or agency, and the reason for which the special order is sought. The application shall also state that the information obtained from the case ✦records✦ will not be ✦used✦ in a manner which is reasonably likely to identify the respondent.

(3) *Application for Special Order to Inspect Social ✦Records✦*. In addition to the requirements under subparagraph (b)(2) of this Rule, a copy of an application to inspect the ✦juvenile's✦ social ✦records✦ pursuant to D.C.Code § 16-2332(b)(5) shall be served upon the respondent, the respondent's parent, guardian, or custodian, and the respondent's attorney. If the application is accompanied by written consent to the application by the respondent, the respondent's parent, guardian, or custodian, and the respondent's attorney, on forms provided by the Division, the Presiding Judge of the Division may grant the application to inspect or copy a juvenile's social record. If the respondent, the respondent's parent, guardian, or custodian, or the respondent's attorney objects to the application within 10 days of service thereof upon them, the Division shall conduct a hearing on the record to determine whether the application to inspect the social record should be approved or denied in whole or in part. If there is objection or if the application to inspect or copy the social record is not accompanied by written consent to the application by the respondent, the respondent's parent, guardian, or custodian, and the respondent's attorney, then the Presiding Judge of the Division shall deny the application unless it appears:

(A) That information contained in the social records and sought by the applicant is not otherwise available to the applicant; and
(B) That
(i) The applicant has a professional interest in the protection, welfare, treatment, or rehabilitation of the respondent or the respondent's family; or
(ii) The applicant has a professional interest in the work of the Superior Court and inspection of the social record and the intended use by the applicant of the information are not reasonably likely to cause the respondent or the respondent's family <u>embarrassment</u> or <u>emotional</u> or <u>psychological harm</u>; and
(C) That the applicant will not use information obtained from the social files in a manner which is reasonably likely to identify the respondent or reveal or publish information of a personal nature about the respondent or the respondent's family of which those who know the respondent are not otherwise likely to have knowledge.

(4) *Court Action on Application for Special Order.* The application for any special order shall be approved or denied in writing by the Presiding Judge of the Division and shall be filed by the clerk of the Division in the ✦juvenile's✦ case ✦record✦.

(5) *Procedure for Inspection and Copying.* The clerk of the Division shall maintain a suitable room for the inspection of ✦records✦ and shall maintain a duplicating machine for copying ✦records✦ at reasonable cost for the ✦use✦ of any person or agency authorized or approved to inspect or copy ✦records✦ pursuant to D.C.Code §§ 16-2331 and 16-2332 and paragraph (b) of this Rule. Any person or agency authorized to inspect or copy ✦records✦ under D.C.Code §§ 16- 2331(b)(4) through (7) or 16-2332(b)(3) through (5) or paragraph (b) of this Rule shall file with the clerk of the Division a form indicating name, address, ✦record✦ inspected or copied and date when inspected or copied. Such form shall be filed by the clerk of the Division in the ✦juvenile✦ case ✦records✦ of the ✦juvenile✦ whose ✦records✦ were inspected or copied.

[Amended effective August 1, 1995.]

Comment

While paragraph (b) of this rule provides that applications to inspect case ✦records✦ should be submitted to the Presiding Judge of the Division, the rule is not intended to preclude a judge from determining in a case then pending before that judge that access to those ✦records✦ is necessary to a fair and just determination of the

## "EXHIBIT A"

issues before the Court.

→**Juvenile**← Rule 55
DC R JUV Rule 55
END OF DOCUMENT.

(C) 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

◀ Term ▶   ◀ Best Section ▶

◀ Doc 2 of 100 ▶

Cite List    Docs In Sequence    Table of Contents

This site is provided by West.
© 2007 West | Privacy | Accessibility


THOMSON
WEST

District of Columbia    Case 1:07-cv-01785-RCL    Document 9    Filed 05/30/2008    Page 11 of 14

"EXHIBIT A"

8/6/2007

**FORENSIC LABORATORY**

WEST VIRGINIA STATE POLICE

DRUG IDENTIFICATION TOXICOLOGY TRACE EVIDENCE FIREARM\TOOLMARK TOXICOLOGY QUESTIONED DOCUMENTS LATENT PRINTS
IDENTIFICATION BIOCHEMISTRY TRACE EVIDENCE BIOCHEMISTRY FIREARM\TOOLMARK QUESTIONED DOCUMENTS LATENT PRINTS LA
BIOCHEMISTRY TOXICOLOGY TS LAT
BIOCHEMISTRY IDENTIFICATION FIREAR
DOCUMENTS PRINTS DOC
FIREARM\T QUESTIONED DOCUMENTS LATENT PRINTS BIOCHEMISTRY DRUG IDENTIFICATION FIREARM TOXI
BIOCHEMISTRY ARM\TOOLMARK LATENT PRINTS TOXICOLOGY QUESTIONED DOCUMENTS LATENT PRINTS BIOCHEMISTRY
EVIDENCE TOXICOLOGY DRUG IDENTIFICATION FIREARM\TOOLMARK QUESTIONED DOCUMENTS LATENT PRINTS BIOCHEMISTRY DRU

725 Jefferson Road, South Charleston, West Virginia 25309-1698

January 03, 2006

EVID. CUSTODIAN A. L. GRAY  
BECKLEY POLICE DEPT.  
340 PRINCE STREET  
BECKLEY, WV 25801

YOUR NO. 20052612  
LAB NO. B05-720-1  
B05-714-1  
REF. S05-48-1

*This examination has been made with the understanding that the evidence is connected with an official investigation and tha the Laboratory report will be used for official purposes only.*

REFERENCE:          Mariah Kirby - Victim  
                    Warren Hester - Suspect  

                    Sex Crime/Kidnapping - 1/21/2005

EXAMINATION REQUESTED:   DNA Analysis

EVIDENCE RECEIVED:       The following exhibits were received at the laboratory in a sealed condition on 11/21/2005 via evidence locker and placed into secure storage:

                         One (1) known blood specimen from Warren Hester  
                         One (1) envelope labeled "sputum Warren He___er"

                         The following exhibits were retrieved from the evidence vault in a sealed condition on 12/05/2005:

                         Three (3) cuttings from pillowcase # 3 (A2, A3, A5)  
                         Two (2) extracted cuttings from pillowcase # 3  
                         Hairs from clothing in Box 2 of 4  
                         Hairs from fitted sheet and comforter # 1

EVIDENCE DISPOSITION:    Attached

RESULTS OF EXAMINATION:

   A sufficient amount of human DNA was recovered from the pillowcase # 3 area 3 cutting (item previously collected as S05-48-1) and from the known blood specimen of Warren Hester to perform PCR-based DNA analysis.

   The extracts were amplified using the PCR-based GenePrint® PowerPlex™ 16 System kit from Promega Corporation; polyacrylamide gel electrophoresis was performed to identify the genotypes of the samples.

   The remaining exhibits were not tested at this time.

   A summary of the DNA analysis results is attached.

*An ASCLD/LAB Accredited Laboratory Since 1994*

"Exhibit B"

EVID. CUSTODIAN A. L. GRAY  
JANUARY 03, 2006  
PAGE TWO

YOUR NO. 20052612  
LAB NO. B05-720-1  
B05-714-1  
REF. S05-48-1

RESULTS OF EXAMINATION (continued):

Technical assistance was provided to the writer of this report in accordance with the protocols and procedures of the West Virginia State Police Forensic Laboratory.

OPINION RENDERED:

The results identified from the pillowcase # 3 area 3 cutting (sperm and e-cell fractions) are consistent with a mixture of DNA from more than two individuals. Warren Hester is excluded as a possible contributor to this mixture of DNA. Based on the analysis performed, Warren Hester is excluded as the donor of the semen identified on the pillowcase # 3 area 3 cutting.

The DNA profile identified from the pillowcase # 3 sperm fraction has been entered into CODIS and searched against the local convicted offender and casework databases. The search did not result in a match within the convicted offender or casework databases. The DNA profile will also be searched against national databases (NDIS). If a match occurs and generates an investigative lead, a letter will be sent to the investigating agency detailing the circumstances of the match and the procedures necessary to confirm the match.

Sincerely,

H. B. Myers  
Forensic Scientist

Attachment

<u>THE UNITED STATE DISTRICT COURT</u>
<u>FOR THE DISTRICT OF COLUMBIA</u>

Warren C. Hester II,
    Plaintiff,

vs.                                                     Case No. 1:07-cv-01785

Charles Dickerson,
    Defendant.

<u>CERTIFICATE</u> <u>OF SERVICE</u>

       I, Warren C. Hester II, pro se, do hereby certify that the foregoing "ANSWER TO DEFENDANT CHARLES DICKERSON'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS" was served upon the United States District Court For The District Of Columbia and Counsel for the Defendant as follow:

| | |
|---|---|
| United States District Court | (Counsel for the Defendant) |
| For The District Of Columbia | Kerslyn D. Featherstone |
| Clerk Of Court, Room 1225 | 441 4th Street, N.W. suite 600-S |
| 333 Constitution Avenue, N.W. | Washington, D.C. 20001 |
| Washington, D.C. 20001 | |

by depositing a true copy of the same in the United States Mail, first class, with postage fully paid, and properly addressed, on this the __11__ day of February, 2008.

                                                      _/s/ Warren C. Hester II_
                                                      Warren C. Hester II
                                                      One Mountainside Way
                                                      Mount Olive, West Virginia 25185